UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL F., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No.: 3:20-cv-00524-AHG <br><br> **ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** <br><br> **[ECF No. 2]** |

## I. BACKGROUND

On March 20, 2020, Plaintiff filed a Complaint seeking judicial review of the administrative decision denying his application for Social Security benefits. ECF No. 1. Along with the Complaint, Plaintiff filed a Request to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. ECF No. 2.

## II. LEGAL STANDARD

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether the applicant has properly shown an inability to pay the $400 filing fee under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To that end, each applicant seeking to proceed IFP must provide the Court a signed affidavit including a statement of all the applicant's assets. CivLR 3.2(a).

Second, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must evaluate whether the Complaint sufficiently states a claim upon which relief may be granted before the Complaint is served. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

### III. DISCUSSION

#### A. Motion to Proceed IFP

A person need not be destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). To meet the requirements of 28 U.S.C. § 1915(a), "[] an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life.'" *Atkins*, 355 U.S. at 339 (internal quotations omitted). To establish poverty, the facts must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). District courts must exercise their discretion and evaluate a person's poverty based upon available facts. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) *rev'd on other grounds*, 506 U.S. 194 (1993).

Plaintiff's IFP Motion (ECF No. 2) contains a sworn statement consisting of his income and assets. According to his sworn statement, Plaintiff's income consists of approximately $1,430 per month in Veterans Benefits and $16 a month in food stamps. *Id.* His assets include $20 in personal cash; $620 in checking and savings accounts; $11,000 in a retirement account; $9,000 in a Certificate of Deposit account; a life insurance policy in the amount of $50,000; a 2010 Ford Escape purchased for $5,000; and $200 in clothes. *Id.* Plaintiff states he spends about $1,300 a month on expenses. *Id.* Additionally, he states his girlfriend pays for his rent, he has no dependents, and no relatives to assist him. *Id.*

Here, Plaintiff's sworn statement shows approximately $640 in immediately available cash. A $400 filing fee would cost him more than 60% of his current available

funds. Therefore, the Court finds Plaintiff has sufficiently shown an inability to pay the filing fee without sacrificing the necessities of life.

**B.     Screening under 28 U.S.C. § 1915(e)**

Every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127; *see also Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) (holding 28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners). "A complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland v. Astrue*, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012).

Federal Rule of Civil Procedure 8 sets forth the federal pleading standard used to determine whether a complaint states a claim upon which relief may be granted. Fed. R. Civ. P. 8; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("[A] complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "detailed factual allegations" are not required, but a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to justify relief). A proper pleading "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted) (referring to Fed. R. Civ. P. 8). When a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face," the Court must either dismiss a portion, or the entirety of the complaint. *Twombly*, 550 U.S. at 547; *Hoagland*, 2012 WL 2521753, at *1.

Plaintiff seeks judicial review of the Commissioner's denial of disability benefits under 42 U.S.C. § 405(g), raising three grounds of error. ECF No. 1. First, Plaintiff appeals on the grounds that the Administrative Law Judge ("ALJ") erred at the second

step of the five-step sequential process required by law. *Id.* at 3-5. *See also* 20 C.F.R. 404.1520 (a). Specifically, Plaintiff claims the ALJ erred in determining at step two that Plaintiff's Post Traumatic Stress Disorder and Major Depressive Order were not "severe." Plaintiff's Complaint includes specific facts in support of his contention that the objective medical evidence warrants a disability determination of "severe."

Second, Plaintiff claims the ALJ's determination of Plaintiff's residual functional capacity ("RFC") was not supported by substantial evidence. ECF No. 1 at 6. Because the ALJ determined Plaintiff's mental impairments were not severe at step two, he did not factor in these impairments in his subsequent RFC determination. Plaintiff contends that, had the ALJ considered Plaintiff's mental impairments, he would have found Plaintiff disabled pursuant to Social Security Ruling 96-8p. *See* SSR 96-8p, 1996 WL 374184 (S.S.A. July 2, 1996).

Third, Plaintiff contends the ALJ committed a harmful legal error by "failing to provide specific and legitimate reasons for rejecting the opinion of Plaintiff's treating physician" and improperly assigning greater weight to a non-treating physician. ECF No. 1 at 7-9; *see also* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to the medical opinion of a source who has examined [plaintiff] than to the medical opinion of a medical source who has not examined [plaintiff].").

Having thoroughly reviewed the Complaint, the Court finds that Plaintiff's allegations are sufficiently specific to state a claim for reversal or remand of the Commissioner's decision.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's IFP Motion (ECF No. 2). In accordance with Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d), the Court **DIRECTS** the Clerk to issue the summons and to send Plaintiff a blank United States Marshal Service ("USMS") Form 285 along with certified copies of this Order and his Complaint (ECF No. 1). Once Plaintiff receives this "IFP Package," the Court **ORDERS** him to complete the Form 285 and forward all documents in the package to the USMS.

Upon receipt, the USMS will serve a copy of the Complaint and summons on Defendant as directed by Plaintiff on the USMS Form 285. The United States will advance all costs of service.

**IT IS SO ORDERED.**

Dated: April 9, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge