UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL F.,<br><br>                      Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>                      Defendant. | Case No.: 3:20-cv-00524-AHG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES**<br><br>**[ECF No. 27]** |

Before the Court is Plaintiff's Motion for Award of Attorneys' Fees Under the Equal Access to Justice Act (EAJA) ("Motion for Fees"). ECF No. 27. After prevailing in his appeal of the Commissioner of Social Security's ("Defendant") denial of his application for Social Security Disability Insurance benefits, Plaintiff now seeks EAJA fees in the amount of $15,647.33 for his counsel's 69.2 hours of work on the appeal and an additional 5 hours of work on the EAJA briefing itself. *See* ECF No. 27; ECF No. 30 at 1. Defendant does not oppose Plaintiff's request for EAJA fees generally, but contends that the fee award should be reduced to $11,118.00 because the number of hours billed by Plaintiff's counsel is unreasonable. ECF No. 29 at 9.

For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Fees.

**I.     BACKGROUND**

The underlying action involves Plaintiff's appeal of the Social Security Administration's denial of his application for disability insurance benefits at the agency level. ECF No. 1. After the Commissioner of Social Security filed the administrative record in lieu of an Answer, the Court issued a Scheduling Order requiring the parties to file a Joint Motion for Judicial Review of the Commissioner's decision no later than January 4, 2021, a deadline which the Court later extended to March 2, 2021 at the parties' joint request. ECF Nos. 16, 23.

On March 2, 2021, the parties filed the Joint Motion for Judicial Review, stating their positions on the disputed issues in the case. ECF No. 25. On September 30, 2021, the Court resolved the Joint Motion for Judicial Review in Plaintiff's favor, reversed the Commissioner's denial of benefits to Plaintiff, and remanded the case to the Commissioner of Social Security for further administrative action. ECF No. 26.

On December 21, 2021, Plaintiff filed the instant Motion for Fees, seeking $15,112.98 in attorney fees based on 69.2 hours expended by his counsel up to and including the filing of the Joint Motion for Judicial Review, as well as an additional 2.5 hours spent preparing the fee application itself. ECF No. 27. Defendant filed an opposition to Plaintiff's Motion for Fees on January 4, 2022, arguing that Plaintiff's fee request contains excessive and duplicative hours, and that the Court should reduce the EAJA fee

award to $11,118.00 based on Defendant's analysis of the reasonable number of hours expended. ECF No. 29. Plaintiff filed a Reply on January 11, 2022, maintaining that the original fee request of $15,112.98 was reasonable, and requesting that the Court award an additional $534.35 for the 2.5 hours of work Plaintiff's counsel expended on the Reply Brief, for a total request of $15,647.33 for 74.2 hours of work.[1] ECF No. 30.

## II.     THRESHOLD ISSUE OF TIMELINESS

According to the EAJA, an application for fees must be filed "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). The Ninth Circuit has held that the EAJA's 30-day filing period does not begin to run until after the 60-day appeal period in Federal Rule of Appellate Procedure 4(a).[2] *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 612 (9th Cir. 2007).

Here, Plaintiff filed his Motion for Fees on December 21, 2021, 82 days after the judgment was entered on September 30, 2021. The motion was filed 22 days after the 60-day period expired and thus falls within the 30-day filing period. Accordingly, Plaintiff's Motion for Fees is timely.

## III.     DISCUSSION

Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005). The Court will address these elements in turn.

---

[1] The original fee request of $15,112.98 already incorporated the 2.5 hours Plaintiff's counsel expended in preparing the EAJA motion itself, in addition to the 69.2 hours of work performed up to and including the Joint Motion for Judicial Review. *See* ECF No. 27-5; ECF No. 30 at 7.

[2] Federal Rule of Appellate Procedure 4(a) provides that a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from" if one of the parties is the United States or a United States officer sued in an official capacity. Fed. R. App. P. 4(a)(1)(B).

Notably, Defendant does not dispute that Plaintiff is entitled to EAJA fees, but disputes the reasonableness of the 71.7 hours underlying Plaintiff's fee request. *See* ECF No. 29 at 2 (Defendant stating that the government "does not dispute that Plaintiff is entitled to attorney fees under the EAJA, however, the government opposes Plaintiff's motion for over $15,000 in fees because the request contains excessive and duplicative hours"). Therefore, the Court will only briefly address the other EAJA requirements.

### A.    Prevailing Party

A plaintiff is a prevailing party if he "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Schaefer*, 509 U.S. at 302). As noted, it is undisputed that Plaintiff is the prevailing party, having successfully obtained a reversal of the Commissioner's decision and a remand of his case to the agency for further administrative proceedings. ECF No. 26; *see also* ECF No. 29 at 2.

### B.    Substantial Justification

The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, Defendant does not dispute that Plaintiff is entitled to some amount of EAJA fees and thus presents no argument regarding whether its position was substantially justified. In the absence of such argument, the Court cannot find that Defendant's position was substantially justified or that other circumstances would make an EAJA attorney fee award unjust.

### C.    Reasonableness of Hourly Rate

The EAJA provides that the Court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit's hourly EAJA rate for work performed in 2020, factoring in

increases in the cost of living, was $207.78, and the EAJA rate for the first half of 2021 was $213.74. *See* ECF No. 27-6 at 2 (showing the Ninth Circuit's Statutory Maximum Rates Under the Equal Access to Justice Act as of the date Plaintiff filed his Motion for Fees in December 2021, including rates of $207.78 for 2020 and $213.74 for the first half of 2021); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases") (citing 28 U.S.C. § 2412(d)(2)(A)); *see, e.g.*, *Black*, 2019 WL 2436393, at *1 (considering the Ninth Circuit's hourly EAJA rate a reasonable rate). *But see* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Mar. 3, 2022) (listing the current 2021 EAJA rate of $217.54, without specifying a different rate for work done in the first half of 2021).

Here, the parties agree that the Ninth Circuit's hourly EAJA rates for 2020 and 2021 should apply, and both parties apply the lower rate of $213.74 for work done in the first half of 2021 despite the present-day rate of $217.54 being listed on the website. Because the parties agree on the applicable rates, and because the Ninth Circuit's hourly EAJA rates are statutory ***maximum*** rates, the Court finds reasonable and will apply the rates applied by the parties—$207.78 for work performed in 2020 and $213.74 for work performed in 2021.

### D.      Reasonableness of Hours

Because Defendant does not dispute Plaintiff's entitlement to EAJA fees in general, the crux of the disagreement between the parties is whether the 69.2 hours[3] billed by Plaintiff's counsel on work done prior to the EAJA briefing was reasonable. The Court accordingly focuses its discussion on this issue.

---

[3] This figure does not include the 5 hours billed by Plaintiff's counsel in connection with briefing the Motion for Fees and the Reply. All told, Plaintiff seeks a fee award of $15,647.33 for 74.2 hours of work, representing (1) 35.6 hours of attorney work on the appeal in 2020; (2) 33.6 hours of attorney work on the appeal in 2021; and (3) 5 hours of attorney work on briefing the instant fee motion and reply in 2021.

In her opposition to the Motion for Fees, Defendant argues that Plaintiff's EAJA fee request contains "excessive and duplicative hours" and should be reduced by 18.9 hours, resulting in a total fee award of $11,118. ECF No. 29 at 9. Specifically, Defendant argues that (1) Plaintiff's time request of 8.2 hours for drafting the Complaint is excessive and should be reduced by 6.2 hours; (2) Plaintiff's time request of 12 hours for one attorney to draft the settlement proposal and 3.3 hours for another attorney to review the proposal is excessive and should be reduced by at least 1.3 hours; (3) Plaintiff's time request of 14.6 hours for one attorney to draft the Joint Motion for Judicial Review and 3.4 hours for another attorney to review and edit the Joint Motion is excessive and duplicative in light of the 8.2 hours spent on the Complaint and 15.3 hours spent on the settlement proposal, and that the requests should be reduced by 5 hours (drafting) and 1.4 hours (reviewing/editing), respectively; and (4) Plaintiff's time request of 8.7 hours for one attorney to draft the Reply and 1.5 hours for another attorney to edit the reply is unreasonable and should be reduced by 5 hours total. *Id.* at 4-9. If the Court applied all of Defendant's proposed reductions (totaling 18.9 hours), the total number of hours expended by Plaintiff's counsel for purposes of determining a reasonable EAJA fee award would be 52.8 hours (not including the 2.5 hours spent on the Reply). Of the 18.9 hours Defendant asks the Court to exclude from its calculation of the lodestar, 7.5 of those hours were billed at the 2020 EAJA rate of $207.78 and 11.4 of those hours were billed at the 2021 EAJA rate of $213.74, for a total proposed reduction of $3,994.98 from Plaintiff's fee request.

Having thoroughly reviewed the parties' briefing, Plaintiff's counsel's billing records, and the relevant law, the Court finds the number of hours billed by Plaintiff's counsel to be reasonable. *See* 28 U.S.C. § 2412(d); *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009); *see also Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012) (reiterating the Ninth Circuit's previous position that "'lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because 'the payoff is too uncertain.' [] As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'") (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)).

Turning to Defendant's specific arguments, first, the Court does not agree that 8.2 hours to draft the Complaint was excessive. The Commissioner contends that a "simple . . . pro-forma" complaint is sufficient in a Social Security appeal, and thus there "was simply no reasonable legal or practical need to expend over 8 hours drafting a complaint that was more like a brief instead of preparing a simple complaint akin to the pro se, notice pleading complaints suggested by this Court and others." ECF No. 29 at 5-6. However, as the Court explained in its Order granting Plaintiff's motion to proceed *in forma pauperis* ("IFP"), "[e]very complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under Section 1915(e)(2)(B)." ECF No. 4 at 3. And, when screening IFP complaints filed in Social Security appeals, the Court holds them to the same "plausibility" pleading standard under Rule 8 that is applied to any other complaint filed in this Court. *See id.* (quoting *Hoagland v. Astrue*, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) for the proposition that "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong."). While it is true that some courts require less of complaints in Social Security appeals than in other cases, this Court is not one of them. Had Plaintiff filed a conclusory bare-bones complaint to initiate this action, the Court would have denied the motion to proceed IFP and required an amended complaint to be filed, only increasing the number of attorney hours expended. Although the Court does not typically require the level of detail that counsel chose to include in the ten-page Complaint here, the Court is reticent to discourage attorneys from taking the time to develop and narrow the issues at the pleading stage, and finds it prudent for counsel to err on the side of providing more detail than necessary rather than less. Moreover, the Administrative Record in this case is nearly 1300 pages, yet counsel did not separately bill time spent reviewing the record to prepare the Complaint. A careful review of the record would have been necessary to craft a complaint that would survive the screening process under 28 U.S.C. § 1915 and fully outline Plaintiff's claims for relief, and a total of 8.2 hours to conduct that review and draft the Complaint is not unreasonable. Therefore, the

Court rejects Defendant's argument that the time spent drafting the Complaint should be reduced from 8.2 to 2 hours.

Defendant next argues that it was unreasonable for Plaintiff's counsel to bill 12 hours for attorney Dana Deane to draft the settlement proposal, particularly "[a]fter spending over 8 hours on the complaint[.]" ECF No. 29 at 6. However, Defendant does not ask for a specific reduction of the 12 hours spent on drafting the settlement proposal by Ms. Deane, who is the attorney who spent the 8 hours drafting the complaint. Instead, Defendant points to the 3.3 hours that a second attorney, Veronica Williams, spent reviewing the settlement proposal, noting that Ms. Williams is now an administrative law judge and that "2 hours at most" is reasonable for her to review the settlement proposal. Therefore, Defendant requests "at least a 1.3 hour reduction" of the 15.3 hours spent overall on Ms. Deane's drafting and Ms. Williams's review of the proposal. *Id.* at 6-7.

The Court declines to reduce the overall 15.3 hours spent drafting and reviewing the settlement proposal. The Court **requires** the parties to engage in good faith settlement negotiations before engaging in motion practice, and as part of the Court's mandatory settlement procedures, Plaintiff's counsel must prepare and deliver "a written and detailed proposal of settlement" to defense counsel. *See* ECF No. 16 at 2. The Court imposes these requirements to encourage the parties to closely review the administrative decision with an eye towards early and amicable resolution of the case. Thus, attempts at early settlement should not be treated as a mere formality, and the Court will not penalize Plaintiff's counsel for investing approximately 15 hours of time in a process that could have saved them the approximately 34 more hours they expended on the case after settlement efforts proved fruitless. Moreover, Defendant's argument is not that 15.3 hours is necessarily an excessive amount of time to spend drafting and reviewing a settlement proposal, but instead that Ms. Williams was an experienced attorney who now works as an administrative law judge, and should have therefore spent 2 hours rather than 3.3 hours reviewing the settlement proposal. However, Ms. Williams did not merely review the proposal; she reviewed and edited the settlement proposal drafted by Ms. Deane twice. *See* ECF No. 27-5 at 3. The first round of

reviews and edits took 2.6 hours, and the second took .7 hours. *Id.* The Court finds the amount of time billed to be reasonable.

Third, Defendant argues that the 18 total hours that attorneys James Zhang and Veronica Williams billed in drafting the Joint Motion—14.6 hours for Mr. Zhang to draft the motion and 3.4 hours for Ms. Williams to review and edit it—"was duplicative because Plaintiff's attorneys had already spent 8.2 hours drafting the complaint and 15.3 hours drafting a detailed written settlement proposal outlining the legal issues." ECF No. 29 at 7. Additionally, Defendant notes that Mr. Zhang billed 5.4 hours to review the administrative record, and thus it should not have taken him an additional 14.6 hours to draft the motion. In support, Defendant points to case law establishing that factors the Court should consider in making its reasonableness inquiry include "the time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly and the experience, reputation, and ability of the attorney[.]" *Id.* at 8 (citing *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998)) (emphasis deleted). Applying these factors, Defendant contends that there were "no novel issues presented in this case and the issues were already explored previously at the complaint and settlement stages." ECF No. 29 at 8. Further, Defendant argues that, as an experienced attorney, Ms. William should not have needed more than 2 hours to review the Joint Motion. *Id.* Therefore, Defendant requests that Mr. Zhang's 14.6 hours be reduced by 5 hours to 9.6, and Ms. Williams's 3.4 hours be reduced by 1.4 hours to 2, for a total of 11.6 hours spent drafting and reviewing the Joint Motion. ECF No. 29 at 8.

In a similar vein, Defendant argues that the 10.2 total hours spent by Ms. Deane and Mr. Zhang drafting and editing the reply was not reasonable, arguing that the reply "is limited to addressing Defendant's response and does not appear to have added any further success as Plaintiff did not prevail on all the issues." *Id.* at 9. Therefore, the Commissioner requests that the reply time be reduced by 5 hours, to a total of 5.2 hours. *Id.*

The Court declines to apply the reductions proposed by Defendant. "Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail. As

such, the Court will not second-guess counsel about the time necessary to achieve a favorable result for his client." *Norton v. Astrue*, No. CV 09-01358-PHX-MHM, 2011 WL 836831, at *2 (D. Ariz. Mar. 9, 2011) (quoting *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1213 (C.D. Cal. 2000) and *Kling v. Sec'y of Dept. of Health and Human Servs.*, 790 F. Supp. 145, 152 (N.D. Ohio 1992)) (internal quotation marks and alterations omitted).

Significantly, although Plaintiff's counsel made arguments regarding whether the Administrative Law Judge ("ALJ") at the agency level committed legal error with respect to the weight given to the opinions of Plaintiff's treating physicians, the outcome of this case depended heavily on whether substantial evidence supported the ALJ's decision. *See* ECF No. 26 at 13-21 (reviewing the medical record in depth to make the determination that the ALJ's decision was not supported by substantial evidence); *see also* ECF No. 25 at 9-12, 25-27, 28-29, 37-39 (Plaintiff's briefing regarding "substantial evidence" arguments, marshaling record evidence spanning over two years and over 1000 pages concerning the treatment of PTSD, Major Depressive Disorder, vertigo, and degenerative disc disease and related impairments of his right shoulder). A "substantial evidence" challenge to an administrative decision requires far more in-depth discussion of the administrative record than does a claim of pure legal error, as is reflected by the 44-page joint brief submitted by the parties. Prevailing on such a challenge is also more difficult than a "legal error" challenge, requiring Plaintiff's counsel to review and describe the medical evidence of record in great detail and to overcome a highly deferential standard of review. *See Dickinson v. Zurko*, 527 U.S. 150, 153, 162-65 (1999) (noting that the "clearly erroneous" standard allows for "somewhat closer judicial review" than the "substantial evidence" standard, but explaining "the difference is a subtle one—so fine that (apart from the present case) we have failed to uncover a single instance in which a reviewing court conceded that use of one standard rather than the other would in fact have produced a different outcome").

Additionally, the Court does not agree that this case was not novel or complex. In the parties' lengthy Joint Motion, Plaintiff raised two broad issues, each with detailed sub-contentions involving (1) whether the medical evidence established that Plaintiff's PTSD and Major Depressive Disorder were severe impairments; (2) whether the ALJ erred by not

giving the opinions of Plaintiff's treating providers more weight; (3) whether a finding of disability would have been directed under the Grids had the ALJ adopted the mental limitations recommended by Plaintiff's treating providers; (4) whether the ALJ should have evaluated Listings 12.04 and 12.15 at step three to determine whether Plaintiff's impairments met or equaled them; (5) whether the medical evidence supported a finding that Plaintiff was capable of medium work; and (6) whether the ALJ gave specific and legitimate reasons for rejecting the opinion of Plaintiff's treating physician with respect to whether Plaintiff is capable of medium work. *See generally* ECF No. 25. It was reasonable for Plaintiff's counsel to spend 28.2 total hours briefing these issues, which required both a familiarity with the details of the extensive 1,294-page administrative record to mount a prevailing "substantial evidence" challenge as well as a good deal of legal research and analysis to outline the claims of legal error.

Overall, the Court finds the hours billed by Plaintiff's counsel to be reasonable and will not second-guess counsel on the amount of time needed to provide successful representation to their client in this action. *See Moreno*, 534 F.3d at 1112 (the Court "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case"); *Norton*, 2011 WL 836831, at *2 (the Court "will not second-guess counsel about the time necessary to achieve a favorable result"). Although the typical range "most often requested and granted in social security cases" is 20-40 hours, it is an abuse of discretion to apply "a de facto policy limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases." *Costa*, 690 F.3d at 1136. Further, as Plaintiff's counsel points out, the Court's determination here is consistent with other decisions approving fee applications for a similar number of hours in this court. *See, e.g.*, *Jimenez v. Colvin*, No. 15-CV-01111-DMS-MDD, ECF No. 34 at 3-4 (S.D. Cal. Nov. 28, 2016) (unpublished) (collecting cases upholding 60+ hours as reasonable in social security cases in this court and other district courts in California); *Sanfilippo v. Astrue*, No. 06-CV-0086-BTM-RBB, 2009 WL 528926, at *3 (S.D. Cal. Mar. 2, 2009) (awarding EAJA fees for 72.15 hours of work in a social security case); *Nayab v. Astrue*, No. 07-CV-0733-JM-WMC, 2008 WL 4748172, at *3 (S.D. Cal. Oct. 28, 2008) (awarding EAJA fees for 73

hours of work in a social security case, over Defendant's objection, and finding the Commissioner's argument that the hours should be reduced to 35 hours "unpersuasive" because "[c]ounsel's declaration specifically accounts for all 69 hours that she worked on the instant case[, w]hile achieving a complete success for Plaintiff."); *Christina P. v. Saul*, No. 20-CV-734-MMA-BLM, 2021 WL 3171912, at *1 n.1 (S.D. Cal. July 27, 2021) (awarding $14,939.38 in EAJA fees for 71.9 hours of work in a social security case); *Austin v. Saul*, No. 19-CV-604-JM-WVG, 2021 WL 5494686, at *2 (S.D. Cal. Jan. 14, 2021) (awarding $19,961.62 in EAJA fees for 97.15 hours of work in a social security case, and finding that amount of time reasonable where the administrative record "was approximately 1100 pages long, [] Plaintiff had complicated physical and mental health diagnoses, [and] Plaintiff's counsel submitted almost 50 pages of briefing in [the] matter").

Based on the complexity of the case, the volume of the administrative record, the quality and scope of Plaintiff's counsel's briefing on a wide array of difficult issues and sub-issues at stake in the appeal, the successful result obtained by Plaintiff's counsel, and the Court's independent review of the detailed billing records of Plaintiff's counsel contained in the fee application, the Court finds that the 69.2 hours billed by Plaintiff's counsel on the work done up to the Court's favorable judgment as well as the 5 hours billed by counsel on the EAJA briefing itself was time reasonably expended. Accordingly, the Court will award fees for all 74.2 hours requested.

### E. Assignment of Rights to Counsel

In her response, Defendant argues that the EAJA fees must be made payable to Plaintiff and not his attorney, unless the Court specifies that Plaintiff's assignment of his EAJA fees to his attorneys "cannot be honored without prior consideration by the Treasury Offset Program." ECF No. 29 at 9.

The Court agrees with Defendant that the payment of Plaintiff's EAJA fees to his counsel must be subject to any offset allowed under the Treasury Offset Program. The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). Nonetheless, "district

courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–*5 (reviewing Plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–*5 (E.D. Cal. Mar. 21, 2011) (same); *Castaneda v. Astrue*, No. EDCV-09-1850-OP, 2010 U.S. Dist. LEXIS 72887, at *6–*8 (C.D. Cal. Jul. 20, 2010) (same); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. Defendant, however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset").

Here, Plaintiff assigned his right to EAJA fees to his attorneys. *See* ECF No. 27-2 ¶ 6 (Plaintiff's fee assignment declaration, dated March 6, 2020, stating that he "further assign[s] payment of any award of fees and costs to Legal Aid Society of San Diego, Inc."). Accordingly, fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff has no federal debt that is subject to offset, the award of fees may be paid directly to his counsel at Legal Aid Society of San Diego, Inc., via check mailed directly to their office address at 1764 San Diego Avenue, Suite 100, San Diego, California, 92110, pursuant to the assignment agreement.

\\
\\
\\
\\

## IV. CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that:

1. Plaintiff's Motion for Award of Attorneys' Fees Under the Equal Access to Justice Act (ECF No. 27) is **GRANTED**;

2. Plaintiff is awarded attorney fees under the EAJA in the amount of **$15,647.33**; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

**IT IS SO ORDERED.**

Dated: March 25, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge